**Jacob R. EVSEROFF, Plaintiff–Appellant,**

v.

**INTERNAL REVENUE SERVICE, Defendant–Appellee.**

No. 00–6331.

United States Court of Appeals, Second Circuit.

June 12, 2001.

Roger Bennet Adler, Faith A. Friedman, of counsel, New York, NY, for appellant.

Patricia M. Bowman, Tax Division, Department of Justice; Claire Fallon, Acting Assistant Attorney General, Loretta Lynch, United States Attorney, E.D.N.Y., Jonathan S. Cohen, Tax Division, DOJ, of counsel, Washington, DC, for appellee.

Present CABRANES, STRAUB and SACK, Circuit Judges.

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the

judgment of the District Court be and it hereby is AFFIRMED.

Jacob R. Evseroff appeals from a grant of summary judgment in favor of the United States entered by the United States District Court for the Eastern District of New York on October 18, 2000. *See Evseroff v. Internal Revenue Service*, 2000 WL 1728112 (E.D.N.Y. Sept.28, 2000).[1] The District Court held that Evseroff failed to establish that any genuine issue of material fact existed with regard to whether any Internal Revenue Service officer or employee recklessly or intentionally disregarded any provision of the Internal Revenue Code in connection with the collection of federal taxes owed by Evseroff, *see* 26 U.S.C. § 7433.[2] *See Evseroff*, 2000 WL 1728112, at *3–*4.[3]

We have considered all of Evseroff's contentions on appeal and find in them no basis for reversal of the District Court's judgment. Therefore, we AFFIRM the judgment of the District Court substantially for the reasons stated in Judge Hurley's opinion dated September 28, 2000.

---

1. Although Evseroff sued the Internal Revenue Service, the District Court correctly noted that the proper defendant was the United States. *See id.* at *2. We have revised the caption accordingly.

2. As in effect when Evseroff brought this lawsuit, Section 7433 provided, in relevant part: "If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States." This section was subsequently amended to allow a suit based on negligent disregard of the Internal Revenue Code or regulations. *See* Pub.L. No. 105–206, § 3102(a)(1)(A), 112 Stat. 730.

3. In addition to its grant of summary judgment, the District Court dismissed Evseroff's claims under 42 U.S.C. § 1983 on sovereign immunity grounds. *See id.* at *1. Evseroff does not appeal this dismissal.